**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANGELA DEE ISLEY, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:05-CR-0621-CAP-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:10-CV-3061-CAP-JFK |

**MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Angela Dee Isley, Movant, brings this 28 U.S.C. § 2255 motion to vacate, set

aside, or correct which challenges her August 4, 2008, conviction and sentence entered

in this Court under the above criminal docket number.   The matter is before the

undersigned on the § 2255 motion, (Doc. No. 319), the government's response, (Doc

No. 324), Movant's reply, (Doc. No. 326), the government's sur-reply, (Doc. No. 327),

Movant's sur-rebuttal, (Doc. No. 329), the government's supplemental authority, (Doc.

No. 331), Movant's response to the government's supplemental authority, (Doc. No.

332), and Movant's supplemental authority, (Doc. No. 333).  For the reasons discussed

below, it is **RECOMMENDED** that Movant's § 2255 motion be **DENIED**.

## I.      **Background**

The grand jury for the Northern District of Georgia charged Movant, then Chief Operating Officer of Orthoscript, a Georgia company, (1) on Counts One through Ten, with executing or attempting to execute a scheme to defraud the Medicare Program by instructing employees to use incorrect product codes for prefabricated wrist braces, in violation of 18 U.S.C. §§ 2, 1347; (2) on Counts Eleven through Fourteen, with executing or attempting to execute a scheme to defraud the Medicare Program by instructing employees to use incorrect product codes for prefabricated walking boots, in violation of 18 U.S.C. §§ 2, 1347; (3) on Counts Fifteen through Fifty, with devising a scheme to defraud Orthoscript – to obtain money and property from Orthoscript and to deprive Orthoscript of Movant's honest services – by employing the U.S. mails to use Orthoscript's funds to satisfy Movant's personal credit card debt without the authorization or knowledge of officers and shareholders, in violation of 18 U.S.C. §§ 2, 1341, 1346; and (4) on Counts Fifty-One through Fifty-Three, with money laundering, in violation of 18 U.S.C. §§ 2, 1957. (Doc. No. 264). Movant pleaded not guilty and proceeded to trial represented by Robert Schroeder. (Doc. Nos. 152, 246). The Court granted the government's motion to dismiss Count Twenty, and the jury found Movant guilty on all remaining counts, including Counts Fifteen through Nineteen and Counts Twenty-One through Fifty (hereinafter the "Orthoscript-Fraud

2

Counts") and Counts Fifty-One through Fifty-Three (hereinafter the "§ 1957 Counts"). (Doc. Nos. 255, 265).  In finding Movant guilty on the Orthoscript-Fraud Counts, the jury did not specifically refer to either money-property fraud under § 1341 or honest-services fraud under § 1346.  (See Doc. No. 265).  On August 4, 2008, the Court sentenced Movant to concurrent seventy-month terms of imprisonment on Counts One through Fourteen and the § 1957 Counts and concurrent seventy-month terms on the Orthoscript-Fraud Counts, each group to be served concurrently.  (Doc. No. 281). Movant appealed, alleging a Brady[1] violation based on the government's failure to provide claim-approval information from regions other than the southeast region of the United States, the Court erred in failing to give entrapment-by-estoppel and "interpretive rules" jury instructions, and the Court erred in admitting evidence regarding a charitable donation by Movant and testimony that Movant had had an affair.  See United States v. Isley, 369 F. App'x 80, 87 (11th Cir.), cert. denied, _ U.S. _, 131 S. Ct. 172 (2010).  On March 10, 2010, the Eleventh Circuit Court of Appeals rejected those grounds and affirmed Movant's convictions.  See id. at 93.

---

[1]Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

3

In her § 2255 motion,[2] Movant raises two grounds for relief:  (1) under Skilling v. United States, _ U.S. _, 130 S. Ct. 2896 (June 24, 2010),  Movant's conduct did not violate the prohibition on honest-services mail fraud under § 1346 and her conviction and sentence on the Orthoscript-Fraud Counts cannot stand, and (2) her convictions on the § 1957 Counts also are illegal because those charges were intertwined with her § 1346 charges.  (Doc. No. 319 at 4, 5, Mem. at 1).

## II.   28 U.S.C. § 2255 Standard

A district court is authorized by 28 U.S.C. § 2255 to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  However, a collateral challenge to a federal conviction and sentence "may not be a surrogate for a direct appeal."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  As recognized in Lynn, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a

---

[2]Movant filed her counseled § 2255 motion on September 22, 2010, within the one-year limitations period.  See 28 U.S.C. § 2255(f).

4

complete miscarriage of justice." Id. at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotations omitted).  A Movant must assert all available challenges on direct appeal.  See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).  Claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent a showing of "cause for the default and actual prejudice resulting from the alleged error" or a showing of a fundamental miscarriage of justice that "'probably resulted in the conviction of one who is actually innocent[.]'" Id. at 1055 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  To show actual innocence, a movant must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations and citation omitted).

**III.   Discussion**

**A.   Ground One – the Orthoscript-Fraud Counts, 18 U.S.C. § 1341, 1346**

**1.   Additional Background**

In order to satisfy her personal credit card debt, Movant caused the delivery to Capital One of thirty-five separate checks (together totaling $274,243.65), drawn on an Orthoscript bank account.  (Doc. No. 264 at 15-16).  Based on those thirty-five

5

separate acts, Movant was indicted for both (1) defrauding Orthoscript of money/property and (2) defrauding Orthoscript of her honest services. (Id. at 12). Trial evidence showed that Movant paid her Capitol One account, and other personal debts, with Orthoscript funds. See Isley, 369 F. App'x at 93. Movant testified at trial that Othoscript owed her money, that she did not take the money at one time because it would have "devastated" the company, and that she decided to take the money out over time by using Orthoscript checks to pay her personal credit card debt, which checks/payments were charged to "expenses" on Orthoscript's books. (Doc. No. 297 at 1330-35). The Court instructed the jury as follows:

> Now, as to Counts 15 through 50, those counts allege that the defendant committed mail fraud as codified in Title 18, United States Code, Section 1341 and 1346. Sections 1341 and 1346 make it a federal crime or offense for anyone to use the United States mails in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.

> The defendant can be found guilty of this offense only if all of the following facts are proven beyond a reasonable doubt: First, that the defendant knowingly devised or participated in a scheme to fraudulently deprive another, in this case, OrthoScript, Incorporated, of the intangible right to honest services as charged. Second, that the defendant did so willfully with intent to defraud. And, third, that the defendant used the United States Postal Service for mailing or causing to be mailed some matter or thing for the purpose of executing a scheme to defraud.

The word "scheme" includes any plan or course of action intended to deceive or cheat any person of ordinary prudence and comprehension out of money or property by means of false or fraudulent pretensions, representations, and promises.

To deprive another of intangible -- of the -- to deprive another of the intangible right of honest services means to violate or to cause an employee or agent of another to violate the employee or agent's duty to provide honest -- honest services to the employer.

With regard to employers in the private sector, the Government must prove that the employee intended to breach a fiduciary duty, and that the employee foresaw, or reasonably should have foreseen, that the employer might suffer an economic harm as a result of that breach. Under the law, every agent or employee representing or working for someone else, that is, the employer, that person has a duty called a fiduciary duty to act honestly and faithfully in all of his or her dealings with the employer and to transact business in the best interests of the employer, including a duty to make full and fair disclosure to the employer of any personal interest or profit the employee expects to derive or has derived from any transaction in which he or she participates in the course of the employment.

It is not necessary that the Government prove all the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the defendant did the actual mailing.

What must be proven beyond a reasonable doubt is that the defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of United

States mail was closely related to the scheme because the defendant either mailed something or caused it to be mailed in attempt to execute or carry out the scheme.

To cause the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business and where such use can reasonably be foreseen. Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

(Doc. No. 300 at 1766-68). The Court did not instruct the jury that an honest-services scheme to defraud required bribery or a kickback, as now required under Skilling.

The jury was sent out with a verdict form that listed the Orthoscript-Fraud Counts by number and allowed the jury to find Movant either guilty or not guilty. (See Doc. No. 265). The verdict form does not show whether the jury found Movant guilty under § 1341 for money-property fraud and/or under §§ 1341 and 1346 for honest-services fraud. After the jury found Movant guilty and the Court sentenced her, she did not raise on appeal that her conviction on the Orthoscript-Fraud Counts could not stand because § 1346 was unconstitutionally vague and/or that there was no evidence of bribery or a kickback. (See Doc. No. 319, Mem. at 9).

### 2.    Parties' Arguments

Movant now asserts that her convictions on the Orthoscript-Fraud Counts must be vacated because the Supreme Court in Skilling held that honest-services fraud under

8

§ 1346 encompasses only fraudulent schemes involving bribery and kickbacks, which actions the government did not allege or prove against her.  (Doc. No. 319, Mem. at 1-3, 10-11, 18-21).  Movant argues that <u>Skilling</u> applies retroactively on collateral review and that, although she did not raise this claim on direct appeal, any procedural default has been overcome because she is factually and actually innocent of any crime under § 1346.  (Doc. No. 319, Mem. at 10, 12-18).

Movant states that the government charging her under § 1341 does not change the result – Movant does not argue that she is actually innocent of the § 1341 charges[3] but argues that the jury-instruction error on honest-services fraud under § 1346 created a substantial and injurious effect on the jury's verdict.  (<u>Id.</u> at 21-25).  Movant argues that the "thrust of the Government's case" focused on honest-services fraud and that it is apparent that the jury's general verdict of guilty on the Orthoscript-Fraud Counts was based on conduct that the jury, incorrectly, believed was criminal under § 1346. (<u>Id.</u> at 21-22).  Specifically, Movant contends that (1) the indictment alleged that Movant deprived Orthoscript of her honest services by her undisclosed self-dealing

_____

[3]Movant states that she is factually innocent of the "§ 1346-related charges" and the "crime charged."  (Doc. No. 319, Mem. at 18, 20).  Movant, however, does not attempt to show that she is actually innocent of the § 1341 money-property fraud charged in the Orthoscript-Fraud Counts.

(using Orthoscript's money to pay personal debt), (2) the government argued during opening that the evidence would show that Movant deprived Orthoscript of her honest services in violation of her employment contract and federal law, (3) the government introduced into evidence Movant's employment agreement, (4) the government argued during closing that Movant had deprived Orthoscript of her honest services in violation of her employment contract and federal law, and (5) "the Court instructed the jury that §§ 1341 and 1346 make it a federal crime to use the mails to engage in a scheme to defraud another of his intangible right to honest services" and "that to find [Movant] guilty of mail fraud, they must find that [she] engaged in a scheme to defraud another of her honest services." (Id. at 2-3, 23-24). Movant states that the Court must determine whether the error in failing to instruct the jury that a § 1346 conviction required proof of bribery or kickbacks was harmless, i.e., whether it had a substantial and injurious effect on the jury's verdict.[4]   (Doc. No. 319, Mem. at 22-

---

[4]Here, the jury instruction omitted the bribery/kickback element, an error that, absent a bar to review, is subject to harmless error analysis under Brecht v. Abrahamson, 507 U.S. 619, 636-38 (1993). See Ross v. United States, 289 F.3d 677, 681-82 (11th Cir. 2002) ("A jury instruction which omits an element of the charged offense is generally subject to harmless error analysis."); see also Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008) (holding that a general verdict may not be set aside based on invalid jury instructions unless the invalid instructions, under the Brecht standard, had a substantial and injurious effect on the jury's verdict). Under the Brecht standard, a movant is entitled to relief "when an error results in actual prejudice because it 'had

10

25).  Movant contends that (1) her undisclosed self-dealing was not criminal under § 1346, (2) the error committed in allowing the jury to think that undisclosed self-dealing could support a §1346 conviction had a substantial and injurious influence on the jury's verdict, and (3) her convictions on the Orthoscript-Fraud Counts must be vacated.  (Id. at 18, 21-22, 24-25).[5]

The government concedes that the prosecution of Movant did not involve a bribery or kickback scheme and that, under Skilling, its honest-services theory of fraud was invalid.  (Doc. No. 324 at 2).  The government, relying on Bousley, 523 U.S. at 624, argues that Movant has procedurally defaulted her claim and her attempt to show

---

substantial and injurious effect or influence in determining the jury's verdict.'"  Ross, 289 F.3d at 682 (citing Brecht, 507 U.S. at 638).  If the Court is convinced that "'the error did not influence, or had but very slight effect, the verdict and the judgment should stand.'"  Id. at 683 (citation omitted).

[5]Movant relies on Geddings v. United States, No. 5:06-CR-136-D, 2010 WL 2639920, at *2 (E.D. N.C. June 29, 2010) (stating that the government had conceded that the movant, convicted under § 1346 for undisclosed self-dealing, was entitled to relief).  Mr. Kevin L. Geddings was indicted on nine counts for a scheme to deprive others of the right of his honest services under § 1346, which included five mailings that separately violated § 1341.  (See Doc. No. 325, Indictment at 35-40).  Geddings, on direct appeal, had raised a due process challenge to § 1346, and procedural default did not appear to be an issue in his collateral challenge.  Geddings, 2010 WL 2639920, at *1-2.  Further, the government conceded that he was entitled to relief.  Id. at *2.  Movant, however, has procedurally defaulted her grounds for relief, and the government has not conceded that she is entitled to relief.  Geddings is not further addressed.

11

actual innocence to overcome that default fails because she must show actual innocence, "not only under the invalid honest-services theory, but also under the valid [money-property] mail fraud theory[,]" which she has not done. (<u>Id.</u> at 5). The government agrees that harmless error review generally applies when the jury has been instructed on a legally invalid theory but asserts that the Court need not conduct such review because of Movant's failure to overcome her procedural default. (<u>Id.</u> at 5 n.2).[6]

---

[6]The government also responds that Movant's convictions are fully supported under § 1341 based on her defrauding Orthoscript of money. (Doc. No. 324 at 2). The government states that (1) the indictment also charged Movant in the relevant counts with defrauding Orthoscript of money/property under § 1341, (2) the government also forcefully argued during opening and closing that Movant devised a scheme to steal money from Orthoscript, (3) the Court instructed the jury that a mail fraud scheme was a plan intended "to deceive or cheat any person . . . out of money or property" and, (4) the jury instructions required that the government prove that Movant "deprived Orthoscript of her honest services by intentionally stealing its money, the same proof required under [the government's] money-fraud theory." (<u>Id.</u> at 7-9). The government argues that "[t]hroughout this case, the money-fraud theory was premised on the same factual conduct as the honest-services fraud, namely, that [Movant] stole money from Orthoscript by having the company pay for her and her partner's credit card bills without permission." (<u>Id.</u> at 9). The government argues that "[a] reasonable jury . . . could not have convicted [Movant] of either honest-services fraud or money-property fraud unless it concluded that she stole money from Orthoscript." (<u>Id.</u> at 11). The government argues that the evidence showed that (1) Movant used Orthoscript money to pay personal expenses, (2) concealed the payments from Orthoscript, and (3) was not entitled to use that money, "either as salary or shareholder distributions." (<u>Id.</u> at 14). The government asserts that Movant's fraudulent theft of Orthoscript's money was the core of its case (as shown by Movant's defense that she was entitled to the money based on an agreement) and that her theft of money from Orthoscript was the "sole basis for her mail fraud convictions." (<u>Id.</u> at 14-16).

12

In reply on procedural default, Movant appears to argue that (1) she shows actual innocence and overcomes her procedural default because she has shown that she is actually innocent under § 1346 and (2) she does not need to show actual innocence regarding the money-property fraud, a charge which was not clearly and separately submitted to the jury. (Doc. No. 326 at 2-6). Movant further contends that harmless error review applies despite any procedural default, that the government cites no legal authority for its claim that because of her procedural default the Court need not conduct a harmless error review, and that the Court should not ignore its duty to conduct such review. (Id. at 2). Movant asserts that "the Court instructed the jury only as to honest-services fraud, not money-property fraud" and that it is likely that the jury convicted her of honest-services fraud. (Id. at 3-4). Movant thus argues that the erroneous instruction regarding honest-services fraud must have had a substantial and injurious effect on the jury's verdict. (Id.).[7]

---

[7]Movant filed, as supplemental authority, a copy of United States v. Sprouse, No. 3:07CR211-2, 2011 WL 2414322, at *18 (W.D. N.C. June 10, 2011) (applying plain error review in motion for a new trial based on Skilling and finding plain error – "It cannot reasonably be disputed that the Government tried this case on an honest services fraud theory.  Any charges regarding money and property fraud or false statements to banks were little more than afterthoughts in the Government's presentation.  Honest services fraud was the sum and substance of the prosecution of the Defendant and the jury's conviction of her.  As the Defendant is actually innocent of any honest services fraud charge, allowing this verdict to stand would therefore

13

### 3.    **Law and Disposition**

Movant's argument regarding harmless error review, which is intermingled with her argument regarding actual innocence, may be well taken had her claim been properly preserved and raised on direct appeal.   However, this is a collateral proceeding, her claim has been procedurally defaulted, and she must show that she is actually innocent of the Orthoscript-Fraud Counts.

As indicated earlier, a previously available,[8] but defaulted claim may be raised for the first time on collateral review if the movant can show a fundamental miscarriage of justice, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]"  Murray, 477 U.S. at 496; Mills, 36 F.3d at 1055.[9]  To make a credible showing of actual innocence, a petitioner must,

---

undermine the fairness, integrity and public reputation of this Court and any judicial proceedings conducted herein.").  (Doc. No. 333, Attach.).  The Court in Sprouse did not address a procedurally defaulted claim raised for the first time in a collateral proceeding.  Sprouse is not further addressed.

[8]A claim regarding § 1346 jury instructions was available at the time Movant filed her direct appeal.  See Ryan v. United States, 645 F.3d 913, 916 (7th Cir. 2011) ("If [the movant's] lawyers had done what Skilling's lawyers did, the controlling decision today might be [titled in Movant's name] rather than [in Skilling's]. . . . Nothing prevented [the movant] from making the arguments that Skilling did.").

[9]Movant does not attempt to show cause and prejudice to excuse her default, and it is not discussed.  Movant states that she "is not relying upon the cause and prejudice

14

"with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . ." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623-24.[10]  It is the Movant's burden to demonstrate actual innocence. United States v. Montano, 398 F.3d 1276, 1285 (11th Cir. 2005).  "In assessing the adequacy of petitioner's showing, . . . the district court is not bound by the rules of admissibility that would govern at trial.  Instead, the emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327-28.  A movant must show that, in light of all the evidence and with proper instruction, "it is more likely than not that no reasonable juror would have convicted him[.]" Id. at 327.

_____

test" but is "relying upon the fact that she is actually innocent of the crime charged[.]" (Doc. No. 329, Br. at 2).

[10]"[T]he Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . .  In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 624.

AO 72A
(Rev.8/82)

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329.

Section 1341 of Title 18, among other things, makes it unlawful (1) to devise a "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises," and (2) to use postal services to execute, or attempt to execute, the scheme. "[T]he term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.[11]   As found by the court in Skilling, to avoid

_____

[11]An offense under § 1341 "require[s] that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or causes the use of the mails . . . for the purpose of executing the scheme or artifice." United States v. Langford, 647 F.3d 1309, 1320 (11th Cir. 2011) (internal quotations and citation omitted).  To prove honest-services mail fraud, "the government must prove beyond a reasonable doubt that the defendant intentionally participated in a scheme or artifice to deprive the persons to whom the defendant owed a fiduciary duty of the intangible right of honest services, and used the United States mails . . . to carry out that scheme or artifice." Id.

16

unconstitutional vagueness, § 1346 encompasses only bribery and kickback schemes. Skilling, _ U.S. at _, 130 S. Ct. at 2933.  It appears that Skilling – which makes non-criminal an honest-services fraud that lacks any kickback or bribery – applies retroactively on collateral review, an issue that the government does not contest.  See Bousley, 523 U.S. at 620-21 (stating that a Supreme Court "holding that a substantive federal criminal statute does not reach certain conduct" is the type of decision that is retroactively applicable on collateral review); Davis v. United States, 417 U.S. 333, 346 (1974) (a conviction "for an act that the law does not make criminal" justifies collateral relief); Ryan, 645 F.3d at 915 (stating that Davis and Bousley imply that Skilling applies retroactively on collateral review).

Movant contests her convictions on the Orthoscript-Fraud Counts, which were charged both as money-property violations and honest-services violations.  Movant, however, did not raise her claim regarding improper § 1346 jury instructions on direct review, and it is procedurally defaulted.  To overcome her procedural default, it is Movant's burden to establish that she is innocent of her conviction on the Orthoscript-Fraud Counts.  Unless Movant meets her burden of showing that she is actually innocent of the crimes in the Orthoscript-Fraud Counts, she is not entitled to review, including review for harmless error.  See Mills, 36 F.3d at 1055 ("[A]n available

17

challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding" unless the bar is overcome by a showing of cause and prejudice or actual innocence.).

The parties both agree that no bribery or kickbacks were alleged against Movant, and Movant has shown, under <u>Skilling</u>, that she is innocent of any honest-services violations under § 1346.  Movant, however, also was charged in the Orthoscript-Fraud Counts with money-property fraud under § 1341.  Notwithstanding, Movant argues only that she is actually innocent under § 1346 and that the incorrect jury instructions had a substantial and injurious effect on the jury's verdict.  Such argument does not address whether Movant is actually innocent of the Orthoscript-Fraud Counts, which include the § 1341 money-property fraud charges, and Movant  declines addressing whether she is innocent of money-property fraud.  (Doc. No. 326 at 4) (Movant "need not demonstrate that she is innocent of . . . money-property fraud[.]").

Based on <u>Bousley</u> and <u>Schlup</u>, the undersigned recommends that to show actual innocence to overcome her default, Movant must show that she is actually innocent of both money-property fraud and honest-services fraud, the crimes with which she was charged in the Orthoscript-Fraud Counts.  In <u>Bousley</u>, the court stated that the petitioner did not have to show he was actually innocent of both using and carrying a

18

firearm in violation of 18 U.S.C. § 924(c)(1) because the indictment had charged him only with using a firearm. The court thus indicated that, if the petitioner had been charged in the indictment with both using and carrying, he would have been required to show actual innocence in regard to both prongs. Bousley, 523 U.S. at 624; see United States v. Stubbs, No. 99-5230, 99-CV-731-E, 2000 WL 1174656, at *2 (10th Cir. Aug. 18, 2000) ("Because defendant was charged with both using and carrying a firearm during and in relation to a drug trafficking offense, he must establish his factual innocence of both forms of conduct."). Further, the court in Bousley stated that in weighing whether the petitioner had met his burden of showing actual innocence, the court broadly should consider charges that the government had forgone in the course of plea bargaining and, thus, was not limited to considering actual innocence for the crimes of conviction. Id. If a movant must show that he or she is actually innocent of charges that were forgone in a plea situation, it stands to reason that a movant is required to show that he or she is actually innocent of alternative charges on counts that went to trial, even though the jury instructions may not have separately addressed the alternative charges. Further, the requirement that Movant show actual innocence on the Orthoscript-Fraud Counts, as charged under both §§ 1341 and 1346, honors Schlup's direction that a finding of actual innocence requires a comprehensive

19

consideration of matters relevant to innocence.  Although Movant shows actual innocence under § 1346, she makes no attempt to show that she is innocent of money-property fraud and is, thus, innocent of the mail fraud crimes as charged in the Orthoscript-Fraud Counts.[12]  Movant has not met her burden of showing that the alleged error regarding § 1346 jury instructions "has probably resulted in the conviction of one who is actually innocent[.]"  Murray, 477 U.S. at 496.  Movant has not met her burden of showing that no reasonable, properly instructed juror – which would include proper instructions on § 1346 honest-services fraud and full instructions on § 1341 money-property fraud – would have found her guilty on the Orthoscript-Fraud Counts.  Review of Ground One is barred.

---

[12]Movant, who is counseled, has not argued that the course of the proceedings amended the indictment such that, effectively, she was charged with only honest-services fraud and, thus, need show actual innocence on only that charge.  In light of Movant being counseled, the Court does not liberally construe her argument as such.  Further, the Court is aware of no binding precedent holding that a constructive amendment can narrow the bases for conviction such that it narrows a movant's burden to show actual innocence.  Cf. United States v. Seher, 562 F.3d 1344, 1363 (11th Cir. 2009) ("A jury instruction amends an indictment when it 'broaden[s] the possible bases for conviction beyond what is contained in the indictment.'") (citation omitted).

**B.     Ground Two  – § 1957 Counts**

Counts Fifty-One through Fifty-Three charged Movant with engaging in monetary transactions involving property that was criminally derived from the scheme to defraud Medicare (Counts One through Ten, contained in ¶¶ one through nine of the indictment).  (Doc. No. 264 at 17).  The transactions in Counts Fifty-One through Fifty-Three involved three checks written to Movant's Capital One account, which checks Movant states also were involved in the Orthoscript-Fraud Counts.  (Id.; Doc. No. 326 at 8).  Movant argues that the § 1957 Counts alleged that she laundered money through her § 1346 honest-services scheme, that the § 1957 and § 1346 charges were intertwined, that the erroneous § 1346 instructions had a substantial and injurious effect on the jury's verdict on the § 1957 Counts, and that her convictions on the § 1957 counts are illegal.  (Doc. 319 at 5, Mem. at 3).  The government asserts that this ground also is procedurally defaulted and that Movant has not shown that she is actually innocent of the § 1957 Counts.  (Doc. No. 324 at 23-24).  Movant replies that the Orthoscript-Fraud Counts and § 1957 Counts were linked and, therefore, that there was a spillover effect that influenced the § 1957 verdict.  (Doc. No. 326 at 8).

Ground Two also is procedurally defaulted.  As discussed above, Movant has failed to show that she is actually innocent on the allegedly intertwined Orthoscript-

Fraud Counts, and Movant does not attempt to show, as a separate matter, that she is actually innocent of the § 1957 Counts.  Thus, review of Ground Two is barred.

## C.   <u>Re-sentencing</u>

Movant also argues that, even if the Court concludes that her mail-fraud conviction must stand because she has not shown an injurious effect on the jury's verdict (i.e., has not shown harmful error under <u>Brecht</u>), re-sentencing is nonetheless required because  it is unlikely that her sentence on the Orthoscript-Fraud Counts was not influenced by an erroneous conviction for honest-services fraud.  Movant relies on <u>United States v. Black</u>, 625 F.3d 386, 388-89 (7th Cir. 2010), <u>cert. denied</u>, _ U.S. _, 131 S. Ct. 2932 (2011), in which case the court determined on direct appeal that re-sentencing likely would be required even if there was no harmful error in regard to a jury's general guilty verdict on charges that were submitted to the jury on alternative theories, one of which (pre-<u>Skilling</u> honest-services fraud) could not be sustained.  The court reasoned that re-sentencing would be necessary unless "it was reasonably certain that the judge would have imposed the same sentences even if the charge of honest-services fraud had not been submitted to the jury."  <u>Id.</u>

It is not recommended that the Court conclude that Movant's conviction stand because she has failed to show harmful error.  Rather, it is recommended that review

is barred, and, because review is barred, re-sentencing is not an option.  <u>Black</u> was

before the court on direct appeal, when sentencing error is generally reviewable.  <u>See</u>

18 U.S.C. § 3742(a).  Movant's case is before the court on collateral review, and, as

indicated earlier, review is limited.  Movant did not raise this matter on direct appeal,

and claims that a § 2255 movant could have asserted on direct appeal, but did not,

generally are procedurally barred absent a showing of cause and prejudice or actual

innocence.  <u>Mills</u>, 36 F.3d at 1055.  Movant has not overcome her default, and her

request for re-sentencing should be denied.

## IV.   <u>Certificate of Appealability ("COA")</u>

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant. . . .  If the court issues a certificate, the court must state the specific issue

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section

2253(c)(2) states that a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right."  A substantial

showing of the denial of a constitutional right "includes showing that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve

23

encouragement to proceed further." Slack v . McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted) (citing Slack, 529 U.S. at 484).

It is recommended that a COA is unwarranted because it is not debatable that Movant has not shown that the alleged jury-instruction error on § 1346 "probably resulted in the conviction of one who is actually innocent" of the Orthoscript Fraud Counts. Murray, 477 U.S. at 496. If the Court adopts this recommendation and denies a COA, the parties are advised that they "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

## V.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this 28 U.S.C. § 2255 motion, (Doc. No 319), and a COA be **DENIED**.

24

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT SO RECOMMENDED** this 22nd day of September, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

25